UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENJAMIN E. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:07-cv-0430-DFH-DML |
| ) | |
| ARVINMERITOR, INC., ) | |
| ) | |
| Defendant. ) | |

ENTRY ON ATTORNEY FEES AND COSTS

After the court decided the parties' cross-motions for summary judgment, the parties reached a settlement on the merits of plaintiff's claims. The parties left to the court the issues presented by plaintiff's petition for attorney fees and costs and defendant's petition for costs. As explained below, the court denies both parties' petitions for costs and grants plaintiff's attorney fee petition for $10,000.

The court detailed the parties' dispute in *Jackson v. ArvinMeritor, Inc.*, 2009 WL 1505523 (May 27, 2009). In summary, plaintiff Benjamin Jackson worked as an engineer for defendant ArvinMeritor. After complaints about Jackson's behavior at a career fair, ArvinMeritor terminated his employment. Jackson sued under the federal COBRA law giving terminated employees the ability to buy continued insurance coverage and under Indiana law for failure to pay wages owed as required by Indiana Code § 22-2-5-1. Jackson abandoned his federal

COBRA claim after discovery.  The court granted summary judgment for ArvinMeritor on Jackson's claims for failure to pay vacation pay and severance pay.  The court granted summary judgment in favor of Jackson on his claim for failure to pay holiday pay, and the court could not resolve Jackson's conversion claim on summary judgment.

On June 26, 2009, the parties stipulated to a final judgment that awarded Jackson a total of $5,800 on his holiday pay and conversion claims.  The parties were not able to reach an agreement to resolve the fee and cost issues, leaving those matters for the court to decide on the briefs already submitted.

Federal courts ordinarily award costs to prevailing parties pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.  In this case with mixed results, each side incurred compensable costs of a little more than $1,000.  The best resolution of these petitions with the mixed result is a draw, and both parties' cost petitions are denied.

With respect to attorney fees under Indiana Code § 22-2-5-2, the law is not so symmetrical.  The statute authorizes an award of fees to a prevailing plaintiff but not a prevailing defendant.[1]  Plaintiff's attorney has submitted billing records

---

[1]The statute provides:

> Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee
> (continued...)

that he spent a total of 148.5 hours on the case and that his hourly rate is $195, for a total bill of $28,957.50. As plaintiff and his attorney recognize, however, because of the limited success, the court may not award the entire amount. Nevertheless, some award is mandatory, though only for fees attributable to the collection of the unpaid holiday pay and not to other aspects of the litigation. *Fardy v. Physicians Health Rehabilitation Services, Inc.*, 529 N.E.2d 879, 883 (Ind. App. 1988); see also *Kleine-Albrandt v. Lamb*, 597 N.E.2d 1310, 1311 (Ind. App. 1992) (reversing denial of attorney fee award; statute makes award mandatory for prevailing plaintiff). The determination of the amount is left to the trial court's sound discretion. *Valadez v. R.T. Enterprises, Inc.*, 647 N.E.2d 331, 333 (Ind. App. 1995).

As with many fee-shifting statute designed to ensure that modest but valid claims can be pursued in court, a reasonable fee for a prevailing plaintiff can often exceed the sum awarded to the plaintiff. *E.g.*, *Valadez*, 647 N.E.2d at 332 (affirming fee award of $1500 where wages plus liquidated damages were only

---

[1](...continued)
as provided in section 1 of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

$924). For those troubled by that prospect, Justice Boehm's explanation of the Indiana policy implemented by this law is instructive:

> I write separately to observe that the facts of this case dramatize the point that the statute confers on all employees the right to recover treble damages and attorney's fees for failure to pay wages, regardless of the employees' circumstances. This is perfectly understandable as applied to the vast majority of workers who are dependent on their paychecks for their day-to-day expenses. These employees need the money currently, not at the end of protracted litigation, and often do not have the economic staying power to engage in a court battle over relatively small amounts. A statute providing one party with treble damages and attorney's fees is a very substantial deterrent to an employer's playing fast and loose with wage obligations.

*St. Vincent Hosp. and Health Care Center, Inc. v. Steele*, 766 N.E.2d 699, 706 (Ind. 2002) (Boehm, J., concurring).

Defendant ArvinMeritor has not raised any issue concerning the hours or hourly rate of plaintiff's attorney. It points out correctly that the court must take into account the plaintiff's limited success in determining a reasonable attorney fee. The central issue here is how best to do so. Defendant proposes to measure the damages plaintiff won as a fraction of the damages plaintiff sought and to award the same fraction of the total attorney fee amount. Plaintiff sought $20,000 in severance pay, $5,000 in vacation pay, and only $1,500 in holiday pay.[2] The successful claim for $1,500 in holiday pay was 5.7 percent of the total amount sought, so defendant's method would produce an award of 5.7 percent of the total

---

[2] Under Indiana Code § 22-2-5-2, plaintiff is also entitled to the unpaid wage plus liquidated damages of twice that sum, so he was actually seeking three times the stated numbers and won $4,500 on his holiday wage claim.

fee request, or approximately $1,650. Plaintiff contends that this calculation is too stingy, though he has not offered a specific alternative.

The problem of setting fees in cases of limited success arises often in federal courts. The Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), provides guidance but not a mathematical formula. Where successful claims and unsuccessful claims are based on different facts and legal theories, the work on the unsuccessful claims must be excluded. *Id.* at 434-35. More often, however, several claims will involve a common core of facts or will be based on related legal theories, and the attorney's time will "be devoted generally to the litigation as a whole." *Id.* at 435. Writing for the Supreme Court, Justice Powell explained: "Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* In such a case, if the plaintiff obtains excellent results, the attorney should recover a fully compensatory fee. *Id.* But if the success is only limited or partial, the lodestar amount is likely to be excessive:

> This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

*Id.* at 436. The Supreme Court cautioned against simple mathematical formulas for resolving these issues. *Id.* at 435 n.11 and 436-37; see also *Cole v. Wodziak*,

169 F.3d 486, 487 (7th Cir. 1999) (affirming fee award reduced for limited success but cautioning against mechanical reductions); *Merriweather v. Family Dollar Stores of Indiana, Inc.*, 103 F.3d 576, 583-84 (7th Cir. 1996) (affirming allocation of fees between successful retaliation claim and unsuccessful race discrimination claim). Unlike the plaintiffs in *Cole*, Jackson did not exaggerate his claims; he simply did not prevail on two major ones. One good way to think about the problem is to ask what work would have been reasonably required by counsel if plaintiff had pursued only the claims on which he prevailed. See, *e.g.*, *Allied Enterprises, Inc. v. Exide Corp.*, 2002 WL 424996, *6 (S.D. Ind. Jan. 15, 2002) (applying fee-shifting provision of private contract), citing *Merriweather*, 103 F.3d at 583.

It's tempting here to think that the holiday wage claim might have been litigated within a narrow sterile window that did not look at the reasons for Jackson's termination, which were highly relevant to the severance pay issue. But the court does not believe that view of litigation is realistic. Some spillover would have been inevitable even if the lawsuit had been confined to the holiday pay and conversion claims. At the same time, plaintiff's overall success was quite limited. The court's best judgment is that a fair fee award here is $10,000. That amount reflects the plaintiff's limited success but recognizes that plaintiff and his attorney still would have had to invest a substantial amount of time to prevail even if the

case had been narrowed to their successful claims, which were so closely related factually and legally to unsuccessful claims.[3]

Accordingly, the court will enter a judgment directing defendant to pay plaintiff's attorney the total sum of $10,000. Both sides' petitions for awards of litigation costs are denied.

So ordered.

Date: July 2, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

---

[3] Plaintiff points out correctly that, with the benefit of hindsight, this might have been a suitable case for a Rule 68 offer of judgment if defendant had recognized its vulnerability on the holiday pay issue. See *Cole v. Wodziak*, 169 F.3d at 487 (district court erred by reducing fee award based on spurned settlement offer that did not comply with strict terms of Rule 68).

Copies to:

Dorothy D. Parson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
dorothy.koontz@odnss.com

Brandon M. Shelton
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brandon.shelton@ogletreedeakins.com

Christopher Kenneth Starkey
starkeyck@msn.com